IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2014

**RANDALL TURNER v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 278379     Don W. Poole, Judge**

**No. E2013-01515-CCA-R3-PC‒FILED-MARCH 17, 2014**

The petitioner, Randall Turner, filed a petition in the Hamilton County Criminal Court, seeking post-conviction relief. The trial court denied the petition because it was untimely. On appeal, the petitioner challenges the trial court's ruling. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JEFFREY S. BIVINS, JJ., joined.

Randall Turner, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On March 14, 2001, the petitioner pled guilty to first degree murder, aggravated kidnapping, and two counts of aggravated robbery. Pursuant to the plea agreement, the petitioner received a total effective sentence of life imprisonment without the possibility of parole.

Thereafter, on November 3, 2010, the petitioner filed a "Motion to Vacate Convictions." The petitioner asserted that he was coerced into pleading guilty, asserting that

there was a "breakdown in the adversarial process" because his counsel had conspired with state officials in order to secure his guilty pleas. The motion was dismissed by the trial court, and the petitioner appealed. On appeal, this court affirmed the dismissal pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals, concluding that the motion should be construed as a petition for post-conviction relief, that the motion was clearly untimely, and that due process did not require that the statute of limitations be tolled. Randall Turner v. State, No. E2011-00110-CCA-R3-PC, 2011 WL 2416927, at *1 (Tenn. Crim. App. at Knoxville, June 13, 2011).

Additionally, the petitioner filed a petition for habeas corpus relief from his convictions. The petition was denied, and, on appeal, this court affirmed the denial pursuant to Rule 20. See Randall Turner v. Bruce Westbrooks, Warden, No. E2012-00093-CCA-R3-HC, 2012 WL 5258266, at *1 (Tenn. Crim. App. at Knoxville, Oct. 24, 2012), perm. to appeal denied, (Tenn. 2013).

Subsequently, on December 26, 2012, the petitioner filed a "Petition," alleging his actual innocence and again arguing that he was coerced into pleading guilty as a result of counsel's conspiring with state officials. He further requested the recusal of the trial court judge, maintaining that the judge's son was an assistant district attorney general who participated in a DNA hearing in the petitioner's case. On January 4, 2013, the petitioner filed an "Amended Petition," reiterating his previous claims.

On January 11, 2013, the trial court entered an order, dismissing the petitions. The court found that, other than the recusal request, the petitioner had merely repeated the allegations that were in his 2010 motion. The court stated that it was not biased against the petitioner and that his son's involvement was brief and unrelated to the petitioner's claims for relief; therefore, the impartiality of the trial court could not reasonably be called into question.

The petitioner did not pursue an appeal of the denial of recusal; however, he filed a "Motion to Reconsider," in which he contended that the court did not accurately state the issues presented in his amended petition. The petitioner asserted that because of the misstatement of the issues, the court was not a "fair decision-maker." The petitioner acknowledged that the allegations in the amended petition were the same as those in the original petition but maintained that the "issues for relief" were different.

On April 9, 2013, the trial court entered an order, denying the motion. The court allowed the petitioner the opportunity to clarify and precisely identify his claims, maintaining that the petitioner had failed to do so in his motion to reconsider. On April 24, 2013, the petitioner filed a motion entitled "Supplement Responses of the Petitioner." In the motion,

he acknowledged that the issues in his amended petition were the same as those in the original petition and that he filed the amended petition solely to correct a misspelled word. The petitioner asserted that specifying the court's misstatements was unnecessary because they were apparent when comparing his petitions to the court's order.

On June 5, 2013, the court filed an order, finding that the allegations in the petitions alleged grounds that, at best, would render petitioner's convictions voidable, not void. Therefore, the trial court held that the petitions should be construed as post-conviction petitions. Because the petitions were filed well-outside the one-year statute of limitations, the court dismissed the petition, noting that the petitioner failed to allege an exception to the statute of limitations. It is from this order that the petitioner appeals.

## II. Analysis

Initially, we agree with the trial court's finding that the petitions should be construed as petitions for post-conviction relief. Generally, "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief, the post-conviction petition must be filed within one year of the final action of the highest state appellate court to which an appeal is taken. Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a).

As the trial court found, the claims contained in the 2012 petition and the 2013 amended petition are substantially the same as those raised in the 2010 petition. The trial court dismissed the 2010 petition as untimely, concluding that the petitioner failed to raise any due process concerns warranting the tolling of the statute of limitations. See Tenn. Code Ann. § 40-30-102(b). This court affirmed the dismissal of the 2010 petition. Randall Turner v. State, No. E2011-00110-CCA-R3-PC, 2011 WL 2416927, at *1 (Tenn. Crim. App. at Knoxville, June 13, 2011). Likewise, the 2012 petition and the 2013 amended petition were filed well-outside the one-year statute of limitations for filing a post-conviction petition. Once again, the petitioner failed to allege an exception to the statute of limitations. Accordingly, we conclude that the trial court did not err by summarily dismissing the petitions as untimely.

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.


_____
NORMA McGEE OGLE, JUDGE